**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUOTIENT SCIENCES – PHILADELPHIA, LLC,<br>Plaintiff,<br><br>v.<br><br>EDDINGPHARM (HONG KONG) COMPANY LIMITED,<br>Defendant. | **CIVIL ACTION NO. 3:26-cv-06364**<br><br>**ORDER TO SEAL ECF DOCUMENT NO. 1 PURSUANT TO LOCAL CIVIL RULE 5.3**<br><br>**Motion Date: July 6, 2026** |

**THIS MATTER** having been brought by Plaintiff Quotient Sciences – Philadelphia, LLC ("Quotient") through its counsel Troutman Pepper Locke LLP, pursuant to Local Rule 5.3 for an order granting Quotient's Motion to Seal ECF Document No. 1; and the Court having considered the papers submitted in support of the Motion to Seal, and any opposition thereto, hereby makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On June 3, 2026, Quotient filed the Complaint, and its accompanying Exhibit A, under seal. *See* ECF No. 1.

2. Quotient reviewed the Complaint and determined it contained confidential information ("Confidential Information").

3. On June 4, 2026, Quotient filed a Motion to Seal, pursuant to Local Civil Rule 5.3(c), requesting that the Confidential Information filed under temporary seal should be maintained under seal by court order.

4. In support of the Motion to Seal, Quotient submitted an index in the form prescribed by Appendix U to the Local Civil Rules and the Certification of Robert A. Jenkin, II.

5. The Confidential Information is identified on the Index with reference to the supporting certification to justify its confidential nature.

6. If not sealed, highly sensitive and confidential business information may be compromised, exposing Quotient to substantial financial risks. Moreover, competitors and others will have access to information that Quotient has identified as important, confidential, proprietary, business information that ordinarily would not be available to the public, let alone to competitors in the highly competitive pharmaceutical industry.

7. Quotient requires the Confidential Information to effectively advocate its positions.

8. There is no prior order sealing the same materials in this action nor any party or nonparty known to object to the sealing request.

## **CONCLUSIONS OF LAW**

Upon consideration of the papers submitted in support of the motion, and any opposition thereto, the Court concludes that the burden of proving, under Local Rule 5.3 and applicable case law, that the material described above should be filed under seal has been met, and no less restrictive alternative to sealing the subject documents is available.

The foregoing conclusions are supported by relevant case law holding that the right to public access to the court filings is not absolute, and may, in the discretion of the trial court, be overcome by a showing as made here. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may prevent confidential materials from being subject to public access. *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civil Action No. 15-6210, 2017 U.S. Dist. LEXIS 212970, at *3 (D.N.J. Dec. 28, 2017).

**ORDER**

Accordingly, pursuant to the foregoing Findings of Fact and Conclusions of Law, and for good cause shown:

**IT IS** on this day ___________ of ______________ , 2026,

**ORDERED** that Quotient's Motion to Seal is hereby GRANTED; and

**IT IS FURTHER ORDERED** that the Clerk is directed to permanently seal ECF Document No. 1.

______________________________________
THE HONORABLE RUKHSANAH L. SINGH
United States Magistrate Judge