**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUOTIENT SCIENCES – PHILADELPHIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EDDINGPHARM (HONG KONG) COMPANY LIMITED,<br><br>Defendant. | Civil Action No. 26-6364 (ZNQ) (RLS)<br><br>**SEALING ORDER** |

**THIS MATTER** having come before the Court upon a Motion by Plaintiff Quotient Sciences – Philadelphia, LLC ("Plaintiff"), brought pursuant to Local Civil Rule 5.3(c) for the entry of an Order sealing its Complaint against Defendant Eddingpharm (Hong Kong) Company Limited ("Defendant") and Exhibit A thereto; and no opposition having been filed to the Motion to Seal; and good cause having been shown, the Court makes the following findings and conclusions:

**FINDINGS OF FACT**

1. Through the instant Motion to Seal, Plaintiff seeks to seal its Complaint, appearing at Docket Entry Number 1, and Exhibit A thereto, appearing at Docket Entry Number 1-2.

2. Defendant executed a waiver of service on June 5, 2026. (*See* Doc. No. 6). Defendant has not filed an answer or responded to Plaintiff's Motion to Seal.

3. Plaintiff argues that it is contractually obligated to keep the details of its relationship with Defendant confidential. (*See* Doc. No. 5-1 at ¶ 4). Plaintiff further argues that it has a legitimate business interest in protecting its pricing information with Defendant because its competitors could use that information to obtain an unfair advantage in the marketplace. (*See* Doc. No. 5-1 at ¶ 4).

**CONCLUSIONS OF LAW**

1. This Court has the power to seal documents on its docket to prevent confidential information from being disclosed to the public.

2. Federal Rule of Civil Procedure 26(c)(1)(G) permits the Court to protect materials containing confidential commercial information upon motion by a party to prevent harm to a litigant's competitive standing in the marketplace. *See* Fed. R. Civ. P. 26(c)(1)(G); *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

3. Pursuant to Local Civil Rule 5.3(c), a party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

4. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

5. Given that Defendant has not yet responded to Plaintiff's Motion, the Court finds that it does not yet have the information necessary to properly assess whether the Complaint and Exhibit A should be sealed in their entireties. The Court

therefore reserves its decision on the Motion until Defendant appears in this action and has an opportunity to respond.

6. The Court will, however, maintain the confidentiality of these documents until Defendant responds to Plaintiff's Motion.

7. The Court thus finds good cause to keep the Complaint and Exhibit A filed under temporary seal until Defendant responds to Plaintiff's Motion, at which time the Court shall resolve Plaintiff's Motion.

## ORDER

Pursuant to the Findings of Fact and Conclusions of Law set forth above, and for good cause having been shown,

**IT IS** on this **23rd** day of **June 2026** hereby

**ORDERED** that the Clerk of the Court is hereby directed to maintain the documents listed above under **TEMPORARY SEAL**; and it is further

**ORDERED** that the Clerk of the Court is directed to **ADMINISTRATIVELY TERMINATE** the Motion pending at Docket Entry Number 5 pending Defendant's response to the Motion.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**