**APPENDIX U IN SUPPORT OF RESPONSE TO MOTION TO SEAL**

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **COMPLAINT (ECF No. 1) — Filed June 1, 2026** | | | | | | |
| Page 2 | Paragraph 7, line 2, after "the amount of" before ", as well as breach of contract damages." | The Complaint contains confidential business information that is not available to the public or competitors. In particular, the Complaint quotes, summarizes, references, and/or reflects confidential and commercially sensitive terms of the parties' agreements, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | Sealing Order dated June 23, 2026, directing the Clerk to maintain the Complaint and Exhibit A under temporary seal (ECF No. 8). No other order sealing the Complaint has been entered. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 3 | Paragraph 12, line 3, after "agree that" until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 4–5 | Paragraph 19, line 3, after “to read:” until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 5 | Paragraph 20, line 3, after “to read:” until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 7 | Paragraph 33, line 2, | See Above. | See Above. | See Above. | See Above. | The information sought |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | after "the sum total of," before ", exclusive of interest, attorneys' fees and costs." | | | | | to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | more, is not a clearly defined and serious injury.”). |
| Page 9 | Paragraph 51, line 1, after “a total of,” before “on these invoices.” | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of pub*lic a*ccess to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 10 | Paragraph 59, line 1, after "a total of," before "on these invoices." | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 12 | Paragraph 70, line 9, after "of the Supply Agreement," through line 10, before "; (v) pursuant to paragraph 18.3(1)." | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. <br>Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 12 | Prayer for Relief ¶(a), after "in the amount of," before the semicolon. | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| **EXHIBIT A TO COMPLAINT** | | | | | | |
| Exhibit A to Complaint | Sealed in its entirety. | Exhibit A to Complaint contains confidential business information that is not available to the public or competitors. the public or competitors. In particular, Exhibit A to Complaint comprises invoices with confidential and commercially sensitive information, including non-public | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, | (i) Sealing Order dated June 23, 2026, directing the Clerk to maintain the Complaint and Exhibit A under | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to | interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | temporary seal (ECF No. 8); (ii) Order dated June 24, 2026, permitting Plaintiff to substitute a replacement Exhibit A redacting financial account numbers pursuant to Fed. R. Civ. P. 5.2(a) (ECF No. 9). No other order sealing the Exhibit A to Complaint has been entered. | Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | |
| **AMENDED COMPLAINT (ECF No. 17) — Filed September 21, 2026** | | | | | | |
| Page 2 | Paragraph 7, line 2, after "the amount of," before ", as well as breach of contract damages." | The Amended Complaint contains confidential business information that is not available to the public or competitors. In particular, the Amended Complaint quotes, summarizes, references, and/or reflects confidential and commercially sensitive terms of the parties' agreements, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any | See Above. | See Above. | Same as above. No order specific to the Amended Complaint (ECF No. 17) has been separately entered; Defendant requests the same relief be applied to it. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | public interest in disclosing Eddingpharm's competitively sensitive business information. | | | | seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 4 | Paragraph 13, line 2, after "agreed that," until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 5–6 | Paragraph 19, line 3, after “to read:” until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| Page 6 | Paragraph 20, line 3, after "to read:" until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 6 | Paragraph 21, line 3, after "to read:" until the end of the paragraph. | See Above.<br><br>Moreover, Plaintiff has not objected to the redaction of the same contents in the Complaint. *See* Paragraph 20, line 3, after "to | See Above. | See Above. | See Above. | The information sought to be sealed is a standard breach of contract provision in a commercial contract and therefore does not satisfy the standard set forth in |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | read:" until the end of the paragraph. | | | | In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the terms of the contract which Eddingpharm seeks to seal are essential to the dispute and resolution of this matter cannot occur without consideration of said terms. Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co., LCC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 10 | Paragraph 34, line 2, after "the sum total of," before ", exclusive of interest, attorneys' fees and costs." | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | embarrassment, without more, is not a clearly defined and serious injury.”). |
| Page 12 | Paragraph 49, line 1, after “a total of,” before “on these invoices.” | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 14 | Paragraph 60, line 10, after "is required to," through line 11, before "; (v) pursuant to paragraph 18.3(1)." | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).<br><br>To the extent Eddingpharm seeks to |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 14 | Prayer for Relief ¶(a), after "in the amount of," before the semicolon. | See Above. | See Above. | See Above. | See Above. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | Cir. 2019).<br><br>To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. <u>Shine v. TD Bank Fin. Group</u>, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| **EXHIBIT A TO AMENDED COMPLAINT** | | | | | | |
| Exhibit A to Amended Complaint | Sealed in its entirety. | Exhibit A to Amended Complaint contains confidential business information that is not available to the public or competitors. In particular, Exhibit A to Amended Complaint comprises invoices with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's | Same as above. No other order sealing the Exhibit A to Amended Complaint has been entered. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* <u>Recchia v. Kellogg Co.</u>, 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the | nonpublic confidential information related to Eddingpharm's commercial information. | | perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | highly competitive pharmaceutical marketplace. | | | |