**APPENDIX U IN SUPPORT OF MOTION TO SEAL**

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| **ANSWER AND COUNTERCLAIMS (ECF No. 18) — Filed October 5, 2026** | | | | | | |
| Page 4 | Paragraph 7, line 2, after "the amount of," before "", as well as breach of contract damages." | The Answer and Counterclaims contains confidential business information that is not available to the public or competitors. In particular, the Answer and Counterclaims quotes, summarizes, references, and/or reflects confidential and commercially sensitive terms of the parties' agreements, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed.<br>Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. The material proposed for sealing is a quote from Plaintiff's Amended Complaint and is also the subject of Plaintiff's motion to seal (ECF No. 5) and Defendant's response in support thereof (ECF No. 20). | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to court records. *See* <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig</u>., 924 F.3d 662 (3d Cir. 2019). To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. <u>Shine v. TD Bank Fin. Group</u>, |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 6 | Paragraph 13, line 2, after "agreed that," before "**ANSWER**." | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff's Amended Complaint and is also the subject of Plaintiff's motion to seal (ECF No. 5) and Defendant's response in support thereof (ECF No. 20). | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 8–9 | Paragraph 19, line 3, after “to read:” before “**ANSWER**.” | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff’s Amended Complaint and is also the subject of Plaintiff’s motion to seal (ECF No. 5) and Defendant’s response in support thereof (ECF No. 20). | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 9 | Paragraph 20, line 3, after “to read:” before “**ANSWER**.” | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff’s Amended Complaint and is also the subject of Plaintiff’s motion to seal (ECF No. 5) and Defendant’s response in support thereof (ECF No. 20). | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 9–10 | Paragraph 21, line 3, after “to read:” before “**ANSWER**.” | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff’s Amended Complaint and is also the subject of Plaintiff’s motion to seal (ECF No. 5) and Defendant’s response in support thereof (ECF No. 20). | The information sought to be sealed is a standard breach of contract provision in a commercial contract and therefore does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the terms of the contract which Eddingpharm seeks to seal are essential to the dispute and resolution of this matter cannot occur without consideration of said terms. Lamonica Fine Foods, LLC v. Cape May Salt |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | Oyster Co., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |
| Page 13 | Paragraph 34, line 2, after "the sum total of," before ", exclusive of interest, attorneys' fees and costs." | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff's Amended Complaint and is also the subject of Plaintiff's motion to seal | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | (ECF No. 5) and Defendant's response in support thereof (ECF No. 20). | and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) |
| Page 16 | Paragraph 49, line 1, after "a total of," before "on these invoices." | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff's Amended Complaint and is also the subject of Plaintiff's motion to seal | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | (ECF No. 5) and Defendant's response in support thereof (ECF No. 20). | and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) |
| Page 19 | Paragraph 60, line 10, after "is required to," through line 11, before "; (v) pursuant to paragraph 18.3(1)." | See Above. | See Above. | See Above. | None. The material proposed for sealing is a quote from Plaintiff's Amended Complaint and is also the subject of Plaintiff's motion to seal | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | (ECF No. 5) and Defendant's response in support thereof (ECF No. 20). | and does not overcome the strong presumption in favor of public access to court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) |
| Page 26–27 | Paragraph 7, line 3, after "under which," until the end of the paragraph. | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 27 | Paragraph 8, line 6, after "(hereinafter, the 'Take-or-Pay Provision'):" until the end of the paragraph. | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 28 | Paragraph 10, line 3, after “Section 8.1, as amended,” through line 6, before “For those periods.” | See Above. | See Above. | See Above. | None. | The information sought to be sealed is essential factual information which alleges the very basis for the Complaint and therefore does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). |
| Page 28 | Paragraph 11, line | See Above. | See Above. | See Above. | None. | No objection, but |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | 3, after "under which," through line 4, before "This Asset Purchase Agreement." | | | | | Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 28–29 | Paragraph 11, line 8, after "under which," through line 9, before "At | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | that time." | | | | | and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 32 | Paragraph 20, line 2, after "invoiced Eddingpharm an additional," before "for each of Q1 and Q2." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 33 | Paragraph 21, line 11, after "priced at," before "per Batch." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 33 | Paragraph 21, line 12, after "the Penalty Invoices total," before "of the." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 33 | Paragraph 21, line 12, after “of the,” before “Quotient claims.” | See Above. | See Above. | See Above. | None. | The information sought to be sealed is simply the total of the amount alleged to be in dispute. This information does not disclose, and cannot be reverse engineered to disclose, any confidential or commercially sensitive information and does not overcome the strong presumption in favor of public access to |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | court records. *See* In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). To the extent Eddingpharm seeks to seal this information to avoid embarrassment, that is insufficient. Shine v. TD Bank Fin. Group, No. 09-4377, 2011 WL 3328490, at *8 (D.N.J. Aug. 2, 2011) ("Generally, public embarrassment, without more, is not a clearly defined and serious injury."). |
| Page 33 | Paragraph 22, line 3, after "totaling," before ", for testing." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 34 | Paragraph 23, line 2, after "each for," before "), purportedly under." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 34 | Paragraph 23, line 4, after "before and after an," before "WO3 provides that." | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 34 | Paragraph 23, line 6, after “divides its,” before “price into two.” | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 34 | Paragraph 23, line 6, after “into two equal,” before “milestones.” | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 34 | Paragraph 23, line 12, after “invoice number SIN005200 for,” before “, was issued under.” | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | competitors such that Kellogg will experience any serious injury.”). |
| Page 34 | Paragraph 23, line 15, after “with respect to the,” until the end of the paragraph. | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | serious injury.”). |
| Page 34 | Footnote 11, line 2, after “before and after an,” until the end of the paragraph. | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 35 | Paragraph 26, line | See Above. | See Above. | See Above. | None. | No objection, but |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | 5, after "with the," through line 6, before "addressed above." | | | | | Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Page 37 | Paragraph 31, line 1, after "the Take-or-Pay Provision," through line 3, | See Above. | See Above. | See Above. | None. | The information sought to be sealed is essential factual information which |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | before "'Contract Year' is defined." | | | | | alleges the very basis for the Complaint and therefore does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). |
| Page 38 | Paragraph 34, line 1, after "provides that," until the end of the paragraph. | See Above. | See Above. | See Above. | See Above. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury.”). |
| Page 39 | Paragraph 35, line 7, after “provides that,” through line 9, before “Moreover, the Take-or-Pay Provision.” | See Above. | See Above. | See Above. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) (“The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Kellogg will experience any serious injury.”). |
| Page 41 | Paragraph 41, line 2, after “as amended by the Amendment Agreement,” through line 4, before “Quotient never.” | See Above. | See Above. | See Above. | None. | The information sought to be sealed is a standard shipment clause in a commercial contract and therefore does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the terms of the contract which Eddingpharm seeks to seal are essential to the dispute and resolution of this matter cannot occur without consideration of said terms. Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) (“Resolution of Plaintiff's contract |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information.”). |
| Page 42 | Paragraph 43, line 2, after “correspondingly,” until the end of the paragraph. | See Above. | See Above. | See Above. | None. | The information sought to be sealed is a standard breach of contract provision in a commercial contract and therefore does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the terms of the contract which Eddingpharm seeks to seal are essential to the dispute and resolution of this matter cannot occur |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | without consideration of said terms. Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |
| Page 43 | Paragraph 47, line 5, after "transferred into storage any Product," through line 6, before "because Eddingpharm's | See Above. | See Above. | See Above. | None. | The information sought to be sealed is a standard invoicing provision in a commercial contract and therefore does not satisfy the standard set forth in In re Avandia |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | requested changes." | | | | | Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the terms of the contract which Eddingpharm seeks to seal are essential to the dispute and resolution of this matter cannot occur without consideration of said terms. Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | | | | | |
| **EXHIBITS A TO K TO ANSWER AND COUNTERCLAIMS** | | | | | | |
| Exhibit A to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | Quotient objects to the sealing of the entire commercial contract, as opposed to the redaction of the sections which potentially contain confidential or proprietary information. The sealing of the entirety of the contract does not satisfy the standard set forth in <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.,</u> 924 F.3d 662 (3d Cir. 2019). Moreover, the contract which Eddingpharm seeks to seal is essential to the dispute and resolution of this matter cannot occur without consideration of said terms. <u>Lamonica Fine Foods, LLC v. Cape</u> |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information.<br><br>The Court has routinely held that sealing private business agreements is warranted to protect the legitimate interests of the parties to the agreement. *See e.g.*, *UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, 2022 WL 22896533, at *2 (D.N.J. June 30, 2022); *Fields PAG, Inc. v. CDK Glob., LLC*, 2016 WL 9185293, at *4 | and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | May Salt Oyster Co., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | (D.N.J. June 10, 2016). In particular, the Court has recognized that sealing an agreement in its entirety, rather than merely redacting portions thereof, is appropriate where the agreement "contains predominantly confidential information" such that redacting those portions "would render the document as a whole largely unreadable and without meaning." *UMG Recordings, Inc.*, 2022 WL 22896533, at *3. | | | | |
| Exhibit B to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to | None. | Quotient objects to the sealing of the entire commercial contract, as opposed to the redaction of the sections which potentially contain confidential or proprietary |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business | relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | | information. The sealing of the entirety of the contract does not satisfy the standard set forth in <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.,</u> 924 F.3d 662 (3d Cir. 2019). Moreover, the contract which Eddingpharm seeks to seal is essential to the dispute and resolution of this matter cannot occur without consideration of said terms. <u>Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co</u>., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | information.<br><br>The Court has routinely held that sealing private business agreements is warranted to protect the legitimate interests of the parties to the agreement. *See e.g.*, *UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, 2022 WL 22896533, at *2 (D.N.J. June 30, 2022); *Fields PAG, Inc. v. CDK Glob., LLC*, 2016 WL 9185293, at *4 (D.N.J. June 10, 2016). In particular, the Court has recognized that sealing an agreement in its entirety, rather than merely redacting portions thereof, is appropriate where the agreement "contains predominantly confidential | | | | sealed and, consequently, there is a presumptive right of public access to such information."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | information" such that redacting those portions "would render the document as a whole largely unreadable and without meaning." *UMG Recordings, Inc.*, 2022 WL 22896533, at *3. | | | | |
| Exhibit C to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | Quotient objects to the sealing of the entire commercial contract, as opposed to the redaction of the sections which potentially contain confidential or proprietary information. The sealing of the entirety of the contract does not satisfy the standard set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Moreover, the contract which Eddingpharm seeks to |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information.<br><br>The Court has routinely held that sealing private business agreements is warranted to protect the legitimate interests of the parties to the agreement. *See e.g.*, *UMG Recordings,* | Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | seal is essential to the dispute and resolution of this matter cannot occur without consideration of said terms. <u>Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co</u>., LLC, No. 20-12338, 2021 WL 11723408, at *2 (D.N.J. June 3, 2021) ("Resolution of Plaintiff's contract claim, therefore, will require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | *Inc. v. RCN Telecom Servs., LLC*, 2022 WL 22896533, at *2 (D.N.J. June 30, 2022); *Fields PAG, Inc. v. CDK Glob., LLC*, 2016 WL 9185293, at *4 (D.N.J. June 10, 2016). In particular, the Court has recognized that sealing an agreement in its entirety, rather than merely redacting portions thereof, is appropriate where the agreement "contains predominantly confidential information" such that redacting those portions "would render the document as a whole largely unreadable and without meaning." *UMG Recordings, Inc.*, 2022 WL 22896533, at *3. | | | | |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit D to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | Quotient objects to the email chain, as opposed to the redaction of the few sentences which potentially contain confidential or proprietary information. The sealing of the entirety of the email chain does not satisfy the standard set forth in <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.,</u> 924 F.3d 662 (3d Cir. 2019). |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | advantage in the highly competitive pharmaceutical marketplace. | | | |
| Exhibit E to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* <u>Recchia v. Kellogg Co.</u>, 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Exhibit F to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | nonpublic confidential information related to Eddingpharm's commercial information. | | Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit G to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | advantage in the highly competitive pharmaceutical marketplace. | | | |
| Exhibit H to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this |

| **Material** | | **Basis for Sealing (Legitimate Private or Public Interest)** | **Clearly Defined and Serious Injury that Would Result if Relief is Not Granted** | **Why a Less Restrictive Alternative to the Relief Sought Is Not Available** | **Any Prior Order Sealing the Same Materials** | **Party in Opposition to Sealing, if any, and Basis** |
|---|---|---|---|---|---|---|
| | | terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |
| Exhibit I to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | nonpublic confidential information related to Eddingpharm's commercial information. | | Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Exhibit J to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | advantage in the highly competitive pharmaceutical marketplace. | | | |
| Exhibit K to Answer and Counterclaims | Sealed in their entirety. | Exhibits A to K to Answer and Counterclaims contain confidential business information that is not available to the public or competitors. In particular, Exhibits A to K to Answer and Counterclaims comprises contracts, invoices, and correspondence with confidential and commercially sensitive information, including non-public pricing, batch quantities, payment terms, and other proprietary business | If filed on the docket, Eddingpharm could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed. | Eddingpharm requests sealing only information that will reveal its confidential and business interests, including, but not limited to, interests relevant to Eddingpharm's nonpublic confidential information related to Eddingpharm's commercial information. | None. | No objection, but Quotient reserves the right to do so in the future if warranted and if the information, by the passing of time, is no longer deemed commercially sensitive. *See* Recchia v. Kellogg Co., 951 F. Supp. 2d 676, 694 (D.N.J. 2013) ("The document details how to perform a restructuring that took place in a few Kellogg facilities over four years ago. The Court fails to see how unsealing this |

| Material | | Basis for Sealing (Legitimate Private or Public Interest) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought Is Not Available | Any Prior Order Sealing the Same Materials | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | terms that the parties are contractually bound to keep confidential.<br><br>Eddingpharm has a legitimate private interest in seeking to restrict access to its highly confidential information related to Eddingpharm's commercial information. There is little, if any public interest in disclosing Eddingpharm's competitively sensitive business information. | Disclosure of this confidential information will cause irreparable harm to Eddingpharm's business relationships and could cause Eddingpharm to lose its competitive advantage in the highly competitive pharmaceutical marketplace. | | | document would provide an advantage to Kellogg's competitors such that Kellogg will experience any serious injury."). |